IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

|  |  |
|---|---|
| JEFFREY S. RAPP, | CV 17-63-BU-BMM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| HAMPTON BY HILTON, | |
| Defendant. | |

## I. Introduction

Plaintiff Jeffrey Rapp, appearing pro se, commenced this action challenging Defendant Hampton by Hilton's conduct in allegedly making his employment with Hampton intolerable. As the Court previously summarized, Rapp generally alleges Hampton "established and maintained a hostile and unsafe work environment" that purportedly resulted in Rapp's "inability to work."

By Order entered October 31, 2017, the Court granted Hampton's Fed. R. Civ. P. 12(e) motion for a more definite statement. The Court ordered Rapp to file, on or before November 15, 2017, a more definite statement of his pleading.

Additionally, in the referenced Order the Court noted Rapp had not filed his

1

preliminary pretrial statement, and had not appeared at the October 31, 2017 Fed. R. Civ. P. 16 pretrial conference, all as directed by the Court's Order entered August 30, 2017. Consequently, the Court ordered Rapp to file a brief, on or before November 15, 2017, showing cause why this action should not be dismissed under Fed. R. Civ. P. 41(b) for his failure to prosecute this case and failure to comply with the August 30, 2017 Order.

On November 15, 2017, Rapp filed two documents: (1) a "Request for Summary Judgment"; and (2) his "Court Order Compliance". In his summary judgment document Rapp requests the Court enter judgment against Hampton for the full amount he requested in his pleading. In support of the request, Rapp contends Hampton has deceived the Court to hide the truth in this case and avoid justice. He asserts Hampton's general manager, her family, and her friends engaged in unethical and unlawful actions against him. He suggests Hampton is aware of the unlawful conduct, and that Hampton refused to remedy the situation. Rapp asserts Hampton has stood by false accusations made against him and refuses to recognize the truth on various matters.

In his second document, in an apparent attempt to file a more definite statement, Rapp merely asserts that Hampton "is well aware of the issues and circumstances" giving rise to his pleading. (Doc. 19 at 1.) He contends Hampton

continues to make false representations to the Court to deny justice to Rapp. He does not, however, specify exactly which representations are false. He also asserts Hampton is in possession of documents, witness lists, and affidavits that purportedly support his claims. Rapp alleges Hampton's general manager provided Hampton with false statements about Rapp which apparently led to the difficulties he experienced at work and the ultimate discontinuation of his employment. He asserts Hampton is well aware of its own improper employment policies, the criminal conduct of its general manager, and the false statements made about Rapp. At bottom, with respect to Hampton's prior motion for a more definite statement, he contends Hampton's disingenuous argument that it needed a more definite statement of his claims demonstrates its blind ignorance of the truth and is a form of deception upon the Court.

Additionally, in his second document Rapp explains his absence from the October 31, 2017 pretrial conference. He states he had mechanical problems with his vehicle while traveling to the conference and, therefore, was unable to get to Missoula, Montana.

## II. Discussion

### A. Motion for Summary Judgment

Although Rapp requests summary judgment be entered in his favor against

Hampton, his motion does not comply with Fed. R. Civ. P. 56 which sets forth the procedural and substantive requirements a party must satisfy to obtain summary judgment. His motion completely fails to cite "to particular parts of materials in the record" which "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) and (c)(1)(A). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). They must follow the same applicable rules "that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Rapp's deficient motion does not demonstrate that he is entitled to summary judgment. Rapp's ad hominem remarks in his motion and brief do not establish the existence of any facts of record which entitle him to relief. "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything," and the summary judgment motion should be denied. *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

**B.** **Good Cause and Non-Compliance with the Court's Orders**

As noted, the Court afforded Rapp an opportunity to explain his failure to comply with the Court's August 30, 2017 Order, i.e. his failure to file a preliminary pretrial statement, and his failure to attend the pretrial conference. In

view of Rapp's pro se status, the Court accepts his explanation of his motor vehicle mechanical problems as sufficient cause for his failure to attend the October 31, 2017 pretrial conference.

But Rapp made no effort to show cause why he did not file his preliminary pretrial statement as required by both the referenced Order and L.R. 16.2(b)(1). And as of the date of this recommendation he still has not filed the required statement. The Court cautioned Rapp that he needed to demonstrate sufficient cause for his conduct in this case to avoid dismissal of this case pursuant to Fed. R. Civ. P. 41(b). (Doc. 17 at 3.)

Additionally, the Court ordered Rapp to file a more definite statement of his claims on or before November 15, 2017. Although he filed the two documents discussed above, the Court finds that neither of the two documents constitute a more definite statement of the precise facts that support his legal claims for relief. Neither document qualifies as a pleading which sets forth a short and plain statement of his claims showing he is entitled to relief as required by Fed. R. Civ. P. 8(a). He has not cured the vague or ambiguous deficiencies in his original pleading which the Court found prevented Hampton from being able to reasonably prepare a response. Fed. R. Civ. P. 12(e). Thus, Rapp has not complied with the Court's Order, and as a result of his failure to file a more definite statement, "the

5

court may strike the [original] pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). For the reasons discussed, and based on Rapp's conduct in this case, the Court finds a dismissal of this case is an appropriate alternative order.

## III. Discussion

Rule 41(b), Fed. R. Civ. P., authorizes the court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" The court may dismiss a case under Rule 41(b) sua sponte. *See e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631-633 (1962); *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal of a case under Rule 41(b) as a consequence of a party's failure to comply with a court order, the court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). These five "factors are 'not a series of conditions precedent before the judge can do anything,' but are a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226

6

(9th Cir. 2006) (quoting *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

### 1. **Expeditious Resolution**

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The district courts are in a superior position to evaluate this factor and to determine when a particular delay interferes with the public's interests. *Id.* (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Under the circumstances of this case, this factor weighs in favor of dismissal. At this juncture, in view of Rapp's failure to comply with rules of procedure for prosecuting this case, and more significantly, his failure to comply with the Court's August 30, 2017, and October 31, 2017 Orders, an expeditious resolution of this matter is in the public's interest.

### 2. **Docket Management**

Again, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not actively pursue their claims or obey the court's orders disrupt the court's handling of other matters by consuming time and resources needed by

other litigants who are active and compliant. *See Pagtalunan*, 291 F.3d at 642. The court must be able to "manage its docket without being subject to routine noncompliance of litigants[.]" *Id*. (citing *Ferdik*, 963 F.2d at 1261).

Rapp has demonstrated his inability or unwillingness to comply with rules of civil procedure and the Court's referenced Orders. Thus, in the interest of judicial economy, the Court's time is better spent on cases in which the litigants are compliant. Therefore, this factor weighs in favor of dismissal.

### 3. **Prejudice to Defendants**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)). Although there are inherent delays in the normal course of litigation, a party's "unreasonable" delay and noncompliance can cause prejudice to the opposing party. *Id*. The law presumes that an unreasonable delay has caused prejudice to the opposing party. *In re Phenylpropanolamine*, 460 F.3d at 1227-28.

Although Hampton has not been heard as to the issue of prejudice, prejudice is inherent in the delay caused by Rapp's non-compliant activity in this case. *See Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the

litigation). But, absent evidence before the Court with respect to any specific prejudice Hampton may suffer, or has suffered, the Court deems this factor to have neutral weight under the circumstances of this case, and in the context of the Court's analysis under Rule 41(b).

### 4. Less Drastic Alternatives

A court is obligated to consider the impact of a dismissal as a sanction, and the adequacy of less drastic sanctions. *In re Phenylpropanolamine*, 460 F.3d at 1228 (citing *Malone*, 833 F.2d 131-32).

The Court afforded Rapp an opportunity to be heard in response to the show cause order, and also directed him to file a more definite statement of his claims. The Court cautioned Rapp that his failure to comply with the Court's Orders could result in a dismissal of this action. Thus, at this time, given Rapp's conduct in this case, there is no reason to expect he will "respond more satisfactorily to [an additional] round" of opportunities to diligently pursue this case and comply with the Court's Orders. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). The Court is also not required to exhaust all alternative less-drastic sanctions prior to dismissal. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

### 5. Disposition on the Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Regardless of the circumstances of any particular case, this factor will always counsel against dismissal.

## IV. CONCLUSION

Based on the foregoing, although the policy favoring disposition of cases on their merits weighs against dismissal under Rule 41(b), taken as a whole the remaining factors support the dismissal of this case. Therefore, IT IS HEREBY ORDERED that this action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b).

DATED this 1st day of December, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge