# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JEFFREY S. RAPP, | |
| Plaintiff, | CV 17-63-BU-BMM |
| vs. | |
| HAMPTON BY HILTON, | **ORDER** |
| Defendant. | |

Plaintiff Jeffrey S. Rapp (Rapp) has filed a pro se Complaint against Defendant Hampton by Hilton (Hampton). (Doc. 5). Rapp alleges that Hampton — his employer from October 2016 to April 2017 — "established and maintained a hostile and unsafe work environment," that resulted in his "inability to work." (Doc. 5 at 1-2).

United States Magistrate Judge Jeremiah Lynch issued a scheduling Order in this matter on August 30, 2017. Judge Lynch directed the parties to file a preliminary pretrial statement on or before October 24, 2017, and attend a preliminary pretrial conference with the Court on October 31, 2017. (Doc. 3). Rapp did not file a preliminary pretrial statement. Rapp did not appear at the pretrial conference.

Judge Lynch informed Rapp on October 31, 2017, that this action could be dismissed based upon his failure to comply with the Court's Order of August 30, 2017. (Doc. 17 at 3). Judge Lynch gave Rapp an opportunity to explain why he had not complied with the Court's Order. (Doc. 17 at 2-3). Judge Lynch ordered Rapp to file his written explanation on or before November 15, 2017. (Doc. 17 at 3).

Judge Lynch also ordered Rapp on October 31, 2017, to file a more definite statement of his pleading. (Doc. 17 at 2). Judge Lynch informed Rapp that a more definite statement was necessary because his Complaint was "so vague that Hampton [could] not be expected to formulate an informed response." *Id.* Judge Lynch ordered Rapp to file his more definite statement on or before November 15, 2017. (Doc. 17 at 2-3).

Rapp filed two documents on November 15, 2017: a "Request for Summary Judgment;" and a document entitled "Court Order Compliance." (Docs. 18, 19). Neither document explained Rapp's failure to file a preliminary pretrial statement as ordered by the Court. Neither document provided a more definite statement of Rapp's Complaint.

Judge Lynch issued Findings and Recommendations in this matter on

December 1, 2017. (Doc. 22). Judge Lynch recommended that Rapp's Complaint be dismissed without prejudice under Fed. R. Civ. 41(b) for failure to comply with the Court's Orders of August 30, 2017, and October 31, 2017. (Doc. 22 at 6-10). Rapp filed an objection to Judge Lynch's Findings and Recommendations on December 19, 2017. (Doc. 23). Hampton filed a response to Rapp's objection on January 2, 2018. (Doc. 24).

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1). The Court has reviewed Judge Lynch's Findings and Recommendations *de novo*. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action when the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b); *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005).

Courts consider the following five factors in determining whether to dismiss a case under Rule 41(b) based upon a party's failure to comply with a court order: 1) the public's interest in expeditious resolution of the litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendant; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on

their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Judge Lynch determined correctly that these factors, taken as a whole, support the dismissal of this case.

Accordingly, IT IS ORDERED:

1. Rapp's Complaint (Doc. 5) is DISMISSED without prejudice.

2. The Clerk is directed to enter judgment accordingly.

DATED this 18th day of January, 2018.

/s/ Brian Morris
Brian Morris
United States District Court Judge